**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **RICHARD DAVID RUDY, III,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:26-CV-00011-DC-DF** |
| | § | |
| **WERNER ENTERPRISES, INC. and** | § | |
| **ABDOUL KADER SANFO,** | § | |
| *Defendants.* | § | |

## U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

BEFORE THE COURT is Defendant Werner Enterprises, Inc.'s Motion to Dismiss. (Doc. 17). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** Werner's Motion to Dismiss be **GRANTED**. (Doc. 17).

## BACKGROUND

This case arises out of a vehicle collision. (Doc. 16 at 2). Plaintiff Richard David Rudy, III, was driving south on U.S. Route 285 when Defendant Abdoul Kader Sanfo allegedly crossed the road divider and drove nearly head on into Rudy's truck. *Id.* Sanfo was an employee of Defendant Werner Enterprises, Inc., and acting within the course and scope of his employment at the time of the crash. *Id.* at 6.

Rudy originally filed this action in the Austin Division before Judge Robert Pitman, bringing various negligence claims against Defendants. (Doc. 1). Werner filed a Motion to Transfer Venue to the Pecos Division on August 25, 2025. (Doc. 6). The Court

granted the Motion to Transfer Venue on January 29, 2026, and the case was referred to the undersigned upon transfer. (Doc. 27). Before the case was transferred, Rudy filed an Amended Complaint to which Werner filed a Motion to Dismiss. (Docs. 16, 17). Because the Austin Division transferred the case, it did not rule on Werner's Motion to Dismiss when transferring the case and the Motion is still pending. (Doc. 27 at 7). Rudy filed a Response to the Motion to Dismiss to which Werner filed a Reply. (Docs. 18, 19). This matter is ripe for adjudication.

**LEGAL STANDARD**

To survive a 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate if a complaint offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 572 U.S. 1087 (2014). The court accepts all facts as true and construes them in the light most favorable to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

**DISCUSSION**

Rudy brings ordinary and gross negligence claims against Werner through theories of direct and vicarious liability. (Doc. 16). Werner moves to dismiss Rudy's ordinary negligence claims brought through direct theories of liability as well as all of

Rudy's gross negligence claims against Werner.[1] (Doc. 17). Rudy requests that he be granted leave to file a second amended complaint should the Court find that any of his claims should be dismissed. (Doc. 18). The Court first analyzes whether Werner's Motion to Dismiss should be granted before reaching the question of whether Rudy should be granted leave to file a second amended complaint.

## I.    Motion to Dismiss

Rudy brings four direct theories of ordinary negligence—negligent training, supervision, retention, and entrustment—against Werner, in addition to vicarious liability. (Doc. 16 at 6–8). Texas law governs this diversity action. *R&L Inv. Prop., LLC. v. Hamm*, 715 F.3d 145, 148–49 (5th Cir. 1984). Under Texas law, "[i]n cases involving ordinary negligence, direct causes of action which impose liability on an employer for its own negligence (*e.g.*, negligent hiring) and causes of action which impose liability on an employer for its employee's negligence (vicarious liability) are mutually exclusive modes of recovery." *Salas v. United States*, 667 F. Supp. 380, 388 (W.D. Tex. 2023) (internal quotations and citations omitted). This is known as the "admission rule." *Werner Enters., Inc. v. Blake*, 719 S.W.3d 525, 542 (Tex. 2025) (Young, J., concurring). Although the admission rule has not been formally recognized by the Texas Supreme Court, at least six Texas appellate courts have chosen to adopt it. *Id.*; *Marie Annette Navarrete v. TA Dedicated, Inc.*, No. 2:24-CV-00111, 2025 WL 4350774, at *5 n.5 (S.D. Tex.

---

1. Werner does not move to dismiss Rudy's ordinary negligence claim brought under a vicarious liability theory. (Doc. 17). If Werner's Motion to Dismiss is granted, this claim as well as Rudy's ordinary and gross negligence claims against Defendant Sanfo would remain in the case.

Dec. 29, 2025). The Court will first analyze whether the admission rule applies before proceeding to whether Rudy pled his direct theories of negligence sufficiently.

### A. Admission Rule

Under the admission rule, direct negligence claims against the employer (training, supervision, etc.) are unavailable if both parties agree that the employee was acting in the scope of their employment. *Plascencia v. Hillman*, No. EP-19-CV-40-PRM, 2019 WL 4087439, at *3 (W.D. Tex. July 3, 2019) (finding "where the derivative liability of the owner has already been established by an admission or stipulation of agency or course and scope of employment" Texas courts have not allowed plaintiffs to proceed with direct liability claims (citation and internal quotations omitted)). If the employer stipulates to vicarious liability, "it is pointless—or worse" to allow direct theories of the employer's negligence to proceed to a jury or serve as the basis for discovery. *Werner*, 719 S.W.3d at 541 (Young, J., concurring). Doing so "not only jeopardies efficiency but also threatens the integrity of the results" of the case given that it risks "inflaming a jury by admitting evidence of alleged negligence of multiple employees other than the driver" when such evidence is ultimately irrelevant. *Id.* at 543.

Werner stipulates that Sanfo was acting in the scope of his employment at the time of the accident and does not move to dismiss Rudy's vicarious liability claim. (Doc. 17 at 4). Thus, the admission rule would typically preclude Rudy's direct negligence claims. *Ordonez v. Ausby*, No. EP-21-CV-00077-DCG, 2023 WL 310442, at *2 (W.D. Tex. Jan. 18, 2023). But there is a twist. If the plaintiff also alleges the employer was grossly negligent, Texas courts have found that "the direct claims against the

employer (i.e., negligent hiring, negligent supervision, etc.) are treated as independent and separate grounds of recovery against the employer for purposes of punitive damages." *Williams v. McCollister*, 671 F. Supp. 2d 884, 888–89 (S.D. Tex. 2009); *Roswell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied). This means that allegations of gross negligence can prevent an employer's stipulation to vicarious liability from precluding a plaintiff's direct negligence claims. *Williams*, 671 F. Supp. 884 at 889.

Gross negligence is not an independent cause of action; it is relevant only to an assessment of punitive or exemplary damages. *Quezada v. MDS Trucking V Inc.*, No. EP-23-CV-434-KC, 2024 WL 3748381, at *4 (W.D. Tex. Aug. 19, 2024) (citing *Pecan Valley Mental Health Mental Retardation Region v. Doe*, 678 S.W.3d 577, 594 (Tex. App.—Eastland 2023, pet. denied)). Gross negligence is thus an extension of an ordinary negligence claim. *Ferguson v. Evans Delivery Co., Inc.*, No. 6:25-CV-00472-JDL, 2025 WL 4081758, at *3 (E.D. Tex. Dec. 29, 2025), *R. & R. adopted*, 2026 WL 196873 (E.D. Tex. Jan. 26, 2026). "[W]hat separates ordinary negligence from gross negligence is the defendant's state of mind." *Louisiana-Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246–47 (Tex. 1999). Gross negligence requires that (1) the defendant's act or omission, when viewed objectively from its standpoint at the time of the event, involves an extreme degree of risk and (2) that the defendant had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).

The Texas Supreme Court has stated that "courts should be very cautious about using a mere allegation of gross negligence as a basis to honor the admission rule in theory but defeat it in practice." *Werner*, 719 S.W.3d at 544. At the same time, federal courts have been reluctant to throw out gross negligence allegations at the motion to dismiss stage because they are not independent causes of action and usually turn on the defendant's state of mind. *Ferguson*, 2025 WL 4081758, at *3  (denying motion to dismiss allegations of gross negligence because defendant's state of mind "requires discovery" and "would be virtually impossible to plausibly allege in a complaint"); *Quezada*, 2024 WL 3748381, at *4  ("[T]he evaluation of gross negligence requires consideration of 'all of the surrounding facts, circumstances, and conditions,' a task that is better suited for the summary judgment stage or trial . . . ." (internal citation omitted) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005))). On one hand, the Court cannot let a barebones allegation of gross negligence shield direct theories of negligence that should otherwise be precluded under the admission rule. On the other, the Court must remain cautious about throwing out allegations of gross negligence at the motion to dismiss stage, before Rudy has had the opportunity to conduct discovery.

Fortunately, the Court need not reach whether Rudy's allegations of gross negligence are sufficient because "gross negligence is contingent upon an affirmative finding of ordinary negligence." *Pecan Valley*, 678 S.W.3d at 594. Thus, Rudy must have pled his direct theories of negligence sufficiently for those claims—and his gross negligence extensions—to remain in the case. The undersigned finds he did not.

### B. Direct Theories of Ordinary and Gross Negligence

The Court will consider each of Rudy's direct negligence claims against Werner together because of their similarities. *Baeza v. Heribran Servs., LLC*, No. PE:24-CV-00035-RCG, 2025 WL 2182310, at *2 (W.D. Tex. Mar. 7, 2025) (citing *Rayner v. Claxton*, 659 S.W.3d 223, 248 (Tex. App.—El Paso 2022, no pet.)). To successfully state a claim under any of his direct theories, Rudy must have "ple[d] facts indicating that the employer failed to exercise due care . . . ." *Ferguson*, 2025 WL 4081758, at *3; *Salas*, 667 F. Supp. at 389. "The Court cannot accept 'conclusory allegations, unwarranted factual inferences, or legal conclusions' as factual matter necessary to survive a Rule 12(b)(6) motion." *Salas*, 667 F. Supp. at 389 (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

Rudy largely recites the legal elements of the direct theories of negligence coupled with conclusory statements about Werner's lack of care. (Doc. 16 at 7). Rudy, for example, states that Werner "likely observed incidents of Defendant Sanfo making unsafe lane changes, driving too fast, and having and [sic] near-miss incidents" but does not provide any facts about this ever occurring. *Id.* at 9. Similarly, Rudy alleges Werner "was, on information and belief, subjectively aware of the risk through its access to [Sanfo's] records and alerts" but does not provide any facts regarding what these records and alerts were or why they would indicate that Sanfo was an unsafe driver. *Id.* at 11. And finally, Rudy alleges that Werner "was, on information and belief, subjectively aware via multiple sources of information [of the risk], but acted with conscious indifference by repeatedly entrusting trucks without safeguards." *Id.* at 12.

Again, he does not state what these sources of information are or why they should have put Werner on notice. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (finding courts "are not bound to accept as true a legal conclusion couched as a factual allegation" on a motion to dismiss).

Rudy argues that pleading these allegations on information and belief is sufficient to state their claims. (Doc. 18 at 11). The Fifth Circuit has sanctioned "information and belief" pleading "where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible . . . ." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (internal quotations omitted) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Even so, the "plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition . . . ." *Id.* (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (5th Cir. 2009)).

This Court does not think "information and belief" can be stapled to an otherwise conclusory allegation—unsupported by other facts—to survive a motion to dismiss and open the doors of discovery. *McLin v. Twenty-First Jud. Dist.*, 614 F. Supp. 3d 278, 288 (M.D. La. 2022) ("[A]n 'information and belief cannot stand on its own; rather, it must be accompanied by sufficient factual detail to make the allegation 'plausible on its face.'" (quoting *Twombly*, 550 U.S. at 551)). An underlying element of all of Rudy's direct negligence claims is that Werner had "knowledge, either actual or constructive, that the employee it hire[d] is unfit for the work the employee is hired to

8

do." *Rayner*, 659 S.W.3d at 249. Rudy offers no factual allegations indicating how or why Werner knew Sanfo was unfit to drive other than his information and belief, which is insufficient when devoid of any factual support. *S.P. v. Ne. Indep. Sch. Dist.*, No. SA-21-CV-0388-JKP-RBF, 2021 WL 3272210, at *4, 7 (W.D. Tex. July 30, 2021) (granting motion to dismiss "[b]ecause there are no factual allegations that [school district] actually knew of . . . a substantial risk of sexual abuse" where plaintiff had pled "[u]pon information and belief" that school district knew of the risk and other sexual abuses but failed to act); *Irons v. City of Dallas*, No. 3:11-CV-1894-B(BF), 2012 WL 1986585, at *4 (N.D. Tex. Apr. 4, 2012) ("Plaintiffs' allegations based 'upon information and belief' are not sufficient because Plaintiffs are required to allege facts, not suppositions."), *R. & R. adopted*, 2012 WL 1992113 (N.D. Tex. June 4, 2012).

Rudy argues the facts involving Werner's knowledge of Sanfo's unfitness to drive are peculiarly within Werner's control and that discovery will verify his allegations. (Doc. 18 at 9). In *Innova*, the Fifth Circuit directed courts to "take account of [plaintiffs'] limited access to crucial information" when analyzing whether to dismiss claims premised partially on information and belief. 892 F.3d at 730–31. But the Fifth Circuit was also careful to specify that this consideration "is no license to fish." *Id.* at 730. In finding that the plaintiff stated a claim in that case, the Court reasoned that plausibility can be present even if some allegations are based on information and belief "*when there enough other factual allegations in the complaint* to allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 729 (emphasis added) (quoting *Iqbal*, 556 U.S. at 678). There, at least ten other factual

9

allegations bolstered the "information and belief" allegations to bring the complaint above the speculative level. *Id.* Not so here.

Rudy provided facts about the crash but nothing to support his conclusory allegations about Werner's conduct prior to the crash and knowledge of Defendant Sanfo's risk. (Doc. 16). Courts dismiss direct negligence claims against the employer where the plaintiff only pleads facts relating to the crash, without providing anything related to the employer's prior negligent conduct involving the employee. *Ferguson*, 2025 WL 4081758, at *3 (rejecting direct negligence claims against driver's employer because "[the plaintiffs] ha[d] not pleaded any facts regarding [the employer's] conduct prior to the events of [the crash] that would suggest [the employer] failed to exercise due care in managing their employee."); *Baeza*, 2025 WL 2182310, at *3–4.

Moreover, as Werner points out, there is one matter Rudy speculates on distinctly within his control—Defendant Sanfo's public driving record. (Doc. 17 at 5–6). "[A]llegations based upon information and belief are particularly inappropriate in cases where the allegations are based on matters of public record." *Funk v. Stryker Corp.*, 673 F. Supp. 2d 522, 525 (S.D. Tex. 2009), *aff'd*, 631 F.3d 777 (5th Cir. 2011). Rudy could freely access Sanfo's driver record but instead pled on information and belief that the record indicates Sanfo was an unsafe driver, without providing any facts to support this conclusion. (Doc. 16 at 11). Rudy does not dispute this but argues that most of the relevant records are still in Werner's control. (Doc. 18 at 10). Even so, the burden is on Rudy to plead *some* facts that would allow the Court to draw the reasonable inference that Werner is liable for his direct negligence claims. *Iqbal*, 556 U.S. at 678. Rudy's

10

failure to do so is fatal to his allegations of gross negligence, given that gross negligence is an extension of ordinary negligence. *Pecan Valley*, 678 S.W.3d at 594 (Tex. App.—Eastland 2023, pet. denied).

Rudy also cannot assert Werner's gross negligence through vicarious liability. An employee's gross negligence cannot be vicariously imputed to the employer. *Thompson v. Wal-Mart Stores Tex., LLC*, 706 F. Supp. 3d 689, 700 (S.D. Tex. 2023) (citing *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 390 (Tex. 1997)). Thus, all of Rudy's allegations of gross negligence against Werner should be dismissed, whether they are brought through direct or vicarious theories. The undersigned therefore **RECOMMENDS** that the Court **DISMISS WITH PREJUDICE**[2] Rudy's negligent training, supervision, retention, and entrustment claims—along with Rudy's accompanying theories of gross negligence—against Werner.

## II.    Leave to Amend

Rudy requests the Court grant him leave to file a second amended complaint before it dismisses any of his claims. (Doc. 18 at 16). Rudy does not provide any detail as to what his amendments could fix; nor does he provide a proposed copy of the proposed amended pleading. The "failure to provide and attach a proposed amended pleading alone [can be] sufficient reason to deny [a] motion for leave to amend." *Greer v. Fowler*, No. 4:19-CV-1017-P, 2022 WL 394762, at *7 (N.D. Tex. Feb. 8, 2022); *Roberts v. Uber Techs., Inc.*, No. 5-23-CV-00545-FB-RBF, 2023 WL 11833598, at *1 (W.D. Tex. Aug. 8,

---

2. The undersigned recommends dismissal with prejudice because a Rule 12(b)(6) dismissal is typically regarded as being on the merits. *Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) ("It is well established that Rule 12(b)(6) dismissals are made on the merits." (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981))). Rudy has also amended his Complaint previously. (Doc. 16).

2023) (denying motion for leave because the plaintiff did not attach the proposed amended pleading). Without any detail about what difference an amended complaint would make to this action, it is difficult to discern whether they would be productive or futile. The undersigned therefore **RECOMMENDS** that Rudy's request for leave to file an amended complaint be **DENIED**.

### CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the undersigned **RECOMMENDS** that Werner's Motion to Dismiss be **GRANTED** and that Rudy's direct and gross negligence claims against Werner be **DISMISSED WITH PREJUDICE.** (Doc. 17). The undersigned further **RECOMMENDS** that Rudy's request for leave to file an amended complaint be **DENIED**.

SIGNED this 12th day of March, 2026.


DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

12

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).